IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID LEE LITTLE, #214 158, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12-CV-165-WHA |
| | ) | [WO] |
| KIM THOMAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 9, 2012 Plaintiff filed a response to the court's March 27, 2012 order to show cause why this case should not be dismissed for his failure to comply with the order that he submit an initial partial filing fee. (*Doc. No. 6*.) In his response Plaintiff requests dismissal of this case stating he did not want to commence this action and did not authorize the Department of Corrections ["DOC"] to remove funds from his inmate account. (*Id*.) Plaintiff further requests that an order be entered directing the DOC to cease taking funds from his inmate account and that fees already submitted to this court be returned to him. (*Id*.)

Upon consideration of Plaintiff's response, considered a motion to dismiss complaint, the court concludes that the motion is due to be granted. Furthermore, since the complaint has not been served, the court finds that this case is due to be dismissed without prejudice. *See* Rule 41(a)(1), *Federal Rules of Civil Procedure*. Additionally, the court will direct the Clerk to return to Plaintiff the partial filing fee received on April 3, 2012 and order that the court's February 28, 2012 order (*Doc. No. 3*) be withdrawn.

Accordingly, it is ORDERED that the court's February 28, 2012 order directing payment of the filing fee from Plaintiff's inmate account (*Doc. No. 3*) be WITHDRAWN.

The Clerk is DIRECTED to return to Plaintiff $14.00 which represents the partial filing fee received in the above-captioned action on April 3, 2012.[1] The Clerk is further DIRECTED to send a copy of this Order to the account clerk at the Draper Correctional Facility.

It is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Motion to Dismiss (*Doc. No. 6*) be GRANTED;

2. This case be DISMISSED without prejudice; and

3. No costs or fees be taxed in this case.

It is further

ORDERED that the parties may file any objections to the Recommendation on or before **May 2, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[1] Plaintiff is advised that the processing of his check may take from two to four weeks.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of April 2012.

      /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE